OHIO OIL COMPANY *v.* BURCH ET AL.

[No. 9,962. Filed November 6, 1919.]

1. MINES AND MINERALS.—*Oil Leases.*—*Gas Well Clauses.*—*Free Use by Lessee.*—*Construction.*—Any construction of a lease that

would permit the lessee to use. gas from a well involved in excess of the amount required to operate the lease, free of charge, is to be avoided as inequitable and as not expressing the intention of the parties. p. 316.

2. MINES ANE MINERALS.—*Oil Leases.—Gas Well Clauses.—Two Constructions Possible.—Rules of Construction.*—If an oil and gas lease is susceptible to two constructions the courts lean to that one which will effect a reasonable result upon the lease as a whole, adopting generally the construction against the lessee and favorable to the lessor, and resolving. all doubts in favor of the latter, except where the parties have adopted a construction, when such construction will be applied. p. 316.

3. MINES AND MINERALS.—*Oil Leases.—Gas Well Clauses.—"Gas Only."—What Constitutes Gas Well.—Evidence.*—In an action by lessor against lessee upon ·a lease for oil and gas for the money rental fixed for a gas well in addition to the free use by lessor of gas therefrom, "if gas only is found, in sufficient quantities to transport," a finding that the well was a gas well only, was sustained by evidence that, when the well was drilled in, the escaping gas could be heard a mile away, that gas was furnished to lessor ·by lessee free of charge and was also transported and used to operate other leases by lessee through lines from which third parties used gas for domestic purposes, and that it was called a gas well by lessee's pumper, although when first drilled in it produced three barrels of oil a day which had diminished to one-fourth of a barrel per day. p. 317.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Seth Burch and Laura Burch against the Ohio Oil Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*S. J. Gee* and *Richardson & Taylor,* for appellant. *S. E. Dillon* and *Frank. Ely,* for appellee.

NICHOLS, P. J.—This was an action in the Pike Circuit Court by appellees against appellant to recover rentals based upon a certain lease which was made a part of the complaint, made by the parties therein named, and held by the appellant by assignment.

The complaint alleges in substance that appellant is indebted to appellees in the sum of $150 per year for a well drilled upon appellee's premises producing gas in sufficient quantities to transport from said premises; that said well was known as No. 3 on said lease, and has produced gas, and gas only, in large quantities and in sufficient quantities to transport since January 25, 1911, and that ever since that time it has been transported by appellant off the premises. No rent whatever has been paid for such gas so transported, though frequent demands have been made by appellees. The complaint avers $800 due, which is wholly unpaid. The provisions of the lease, as far as involved in this action, are substantially that the lessor shall have one-eighth of all the oil produced and saved from said premises. *If gas only is found in sufficient quantities to transport, the lessee agrees to pay the lessor $150 annually for the product of each well so transported, and the first party to have gas free of cost for heating and lighting purposes in dwelling house.* The lessee shall have the right to use sufficient gas, oil and water to run all machinery for operating said wells, and also the right to remove any of its property at any time on payment of one dollar to the lessor and to surrender the lease for cancellation.

There was an answer in general denial to the complaint. The cause was submitted to the court for trial without the intervention of a jury, and there was a finding of the court for the appellees and that there was due them $875.

There was a motion for a new trial, which was overruled, after which this appeal. The only error assigned is that the court erred in overruling appel-

lant's motion for a new trial, and the errors in the motion for a new trial which are relied upon for reversal are: That the assessment of the amount of recovery is erroneous, being too large; that the damages assessed by the decision of the court are excessive; that the decision of the court is not sustained by sufficient evidence; and that the decision of the court is contrary to law.

Any construction of the lease that would permit the appellant to use gas from the well involved in excess of the amount required to operate the 1-2. lease, free of charge, is to be avoided as inequitable and as not expressing the intention of the parties. Bryan, Petroleum 146. *Huggins* v. *Daley* (1900), 99 Fed. 606, 40 C. C. A. 12, 48 L. R. A. 320. And in view of the fact that such companies usually prepare their own forms of leases, with the assistance of skilled attorneys, while the lessor, without experience in such matters, acts without such legal advice, such leases are to be construed favorably to the lessor, with all doubts resolved in his favor. Thornton, Oil and Gas 249; *Steelsmith* v. *Gartlan* (1898), 45 W. Va. 27, 29 S. E. 978; 44 L. R. A. 107. In cases where the parties have put a construction on the lease, especially in cases of doubt, that construction will be applied to the instrument by the courts. *Diamond Plate Glass Co.* v. *Tennell* (1899), 22 Ind. App. 132, 138, 52 N. E. 168. Thornton, Oil and Gas 99. If the lease is susceptible of two constructions, the courts lean to that construction of the lease as a whole that will effect reasonable results (*Columbian Co.* v. *Blake* [1895], 13 Ind. App. 680, 686, 42 N. E. 234); and generally, with this rule in view, the construction is adopted that is most strongly

against the covenantor. *Indiana Nat. Gas, etc., Co.* v. *Hinton* (1902), 159 Ind. 398, 403, 64 N. E. 224. With these general principles before us, we shall undertake to determine the rights of the parties to this appeal.

The trial court, by its general finding, in construing the clause, "If gas only is found, in sufficient quantities to transport," as applied to the facts, found that it means that an inconsiderable quantity of oil, though some is produced, will not prevent a construction that the well is a gas well only, if the quantity of gas is such as to justify transporting it; and the court further found that appellant, with full knowledge of the facts, including the quantity both of gas and oil that was being produced, determined that well No. 3 was a well producing gas only, within the terms of the lease, by furnishing to appellees gas free of cost for heating and lighting purposes, which was a part of the consideration for a well in which gas only should be found in quantities sufficient to be transported. With this construction of the lease by the court, together with its interpretation of appellant's construction thereof, we are in accord. The evidence as to the quantity of gas is in conflict, but there was evidence that when the well was drilled in, the escaping gas could be heard a mile away, and that, while it diminished in quantity, as late as the year 1916, escaping gas could be heard fifty feet away; that the gas was transported from the farm to a power plant on another lease, which power plant was used to operate wells on divers other leases, and that other parties used gas for domestic purposes from the power plant lines; that one of the pumpers had said that it was a gas well, and that

they could not operate the power plant without it. When first drilled, the well produced about three barrels of oil, and in October, 1916, it was producing from a half to three-quarters of a barrel a day, and at the time of the trial it was producing not more than one-fourth of a barrel a day. This evidence further sustains the court's finding that the well was a gas well only, within the terms of the lease, and for which the appellant should pay the rental of $150 per year; that the damages therefore were not excessive.

The judgment is affirmed.